IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LOUIS NEEDHAM,<br>306 East Ozburn Street,<br>Pinckneyville, IL 62274,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES COULTER, an agent<br>8233 Dexter Ridge West,<br>Cordova, TN 38016<br><br>and<br><br>JNJ EXPRESS, INC., a foreign corporation<br>600 Windsor Park Lane,<br>Collierville, TN 38017-7308<br><br>    Defendant(s), | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO: 3:13-CV-5150<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### COUNT I
(Comparative Negligence)
Louis Needham v. James Coulter, an agent of JNJ Express, Inc., a foreign corporation

Now comes the Plaintiff, Louis Needham, by and through his attorney, Thomas C. Rich, P.C., and for his cause of action against the Defendant, James Coulter, an agent of JNJ Express, Inc., respectfully represents unto the Court as follows:

1. That the Plaintiff, Louis Needham, is a citizen of Pinckneyville, in the County of Perry, and the State of Illinois.

2. That the Defendant, James Coulter, is a citizen of Cordova, in the County of Shelby, and the State of Tennessee.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs interest and costs.

Page 1 of 7

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. This action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6. On July 25, 2012, the Plaintiff, Louis Needham (hereinafter Needham) was a passenger in a motor vehicle traveling Eastbound on I-44 in the County of Lawrence and in the State of Missouri.

7. On July 25, 2012, the Defendant, James Coulter, an agent of JNJ Express, Inc. (hereinafter Coulter), was operating a motor vehicle traveling Eastbound on I-44 in the County of Lawrence and in the State of Missouri.

8. At said time and place, the vehicle operated by the Defendant, Coulter, crossed into the lane occupied by the vehicle which carried the Plaintiff, Needham, struck said vehicle, and forced it into the highway guardrail.

9. At said time and place, the Defendant, Coulter, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

    a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle in which the Plaintiff was a passenger;

    b. The Defendant drove his vehicle in such a manner as to cause it to strike the front side of the vehicle in which the Plaintiff was a passenger;

    c. The Defendant failed to maintain control of his vehicle so as not to occupy a lane in use by another vehicle, causing him to strike the front side of the vehicle in which the Plaintiff was a passenger;

    d. The Defendant failed to properly display a turn signal and indicate his intention to change lanes.

10. As a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Coulter, the Plaintiff was injured in one or more of the following ways:

    a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

    b. The Plaintiff received injuries to his right elbow;

    c. The Plaintiff received injuries to his right knee;

    d. The Plaintiff received injuries to his back;

    e. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

    f. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    g. The Plaintiff has suffered disability as a result of his injuries;

    h. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    i. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Needham, prays judgment against the Defendant, Coulter, for a fair and just award in excess of Seventy-five Thousand Dollars ($75,000.00) plus costs of this suit.

## COUNT II
(Comparative Negligence & Respondeat Superior)
Louis Needham v. JNJ Express, Inc., a foreign corporation

Now comes the Plaintiff, Needham, by and through his attorney, Thomas C. Rich, P.C., and for his cause of action against the Defendant, JNJ Express, INC., a corporation, (hereinafter referred to as JNJ), respectfully represents unto the Court as follows:

1. That the Plaintiff, Louis Needham, is a citizen of Pinckneyville, in the County of Perry, and the State of Illinois.

2. That the Defendant, JNJ Express, Inc., is a corporation with its principal place of business located in the City of Collierville, in the County of Shelby, and in the State of Tennessee, and is incorporated in the State of Tennessee.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs interest and costs.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. This action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6. The Defendant, JNJ, does business and actively solicits business within the State of Missouri and has sufficient contacts to confer jurisdiction upon the State of Missouri.

7. On July 25, 2012, the Plaintiff, Louis Needham (hereinafter Needham) was a passenger in a motor vehicle traveling Eastbound on I-44 in the County of Lawrence and in the State of Missouri.

8. On July 25, 2012, the Defendant, JNJ, by and through its agent, Coulter, was operating a motor vehicle traveling Eastbound on I-44 in the County of Lawrence and in State of Missouri.

9. At said time and place, the vehicle operated by the Defendant, JNJ, by and through its agent and employee, Coulter, crossed into the lane occupied by the vehicle which carried the Plaintiff, Needham, struck said vehicle, and forced it into the highway guardrail.

10. At said time and place, the Defendant, JNJ, by and through its agent and employee, Coulter, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a. The Defendant, by and through its agent and employee, failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle in which the Plaintiff was a passenger;

   b. The Defendant, by and through its agent and employee, drove his vehicle in such a manner as to cause it to strike the front side of the vehicle in which the Plaintiff was a passenger;

   c. The Defendant, by and through its agent and employee, failed to maintain control of his vehicle so as not to occupy a lane in use by another vehicle, causing him to strike the front side of the vehicle in which the Plaintiff was a passenger;

   d. The Defendant, by and through its agent and employee, failed to properly display a turn signal and indicate his intention to change lanes;

11. As a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, JNJ, by and through its agent and employee, Coulter, the Plaintiff was injured in one or more of the following ways:

   a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

   b. The Plaintiff received injuries to his right elbow;

   c. The Plaintiff received injuries to his right knee;

   d. The Plaintiff received injuries to his back;

e. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

f. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

g. The Plaintiff has suffered disability as a result of his injuries;

h. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

i. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Needham, prays judgment against the Defendant, JNJ Express, Inc., a foreign corporation, for a fair and just award in excess of Seventy-five Thousand Dollars ($75,000.00) plus costs of this suit.

Respectfully submitted,

BY: *Michelle M. Rich*
THOMAS C. RICH, P.C.

Mr. Thomas C. Rich #42912
Ms. Kristina D. Cooksey #62580
Mrs. Michelle M. Rich #65592
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
tomrich@tomrichlaw.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LOUIS NEEDHAM,<br>306 East Ozburn Street,<br>Pinckneyville, IL 62274,<br><br>   Plaintiff,<br><br>vs.<br><br>JAMES COULTER, an agent<br>8233 Dexter Ridge West,<br>Cordova, TN 38016<br><br>and<br><br>JNJ EXPRESS, INC., a foreign corporation<br>600 Windsor Park Lane,<br>Collierville, TN 38017-7308<br><br>   Defendant(s), | )<br>)<br>)<br>)<br>)<br>)<br>) NO: 3:13-CV-5150<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT

Now comes Thomas C. Rich, P.C. attorney for the Plaintiff in the above titled action and at the time of the filing of this Complaint have reasonable grounds to believe that the damages to the Plaintiff as a result of the injuries sustained herein will be in excess of Seventy-five Thousand Dollars ($75,000.00).

11/21/13
Date

By: Thomas C. Rich

THOMAS C. RICH, P.C.
Mr. Thomas C. Rich #42912
Ms. Kristina D. Cooksey #62580
Mrs. Michelle M. Rich #65592
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
tomrich@tomrichlaw.com

Page 7 of 7

Case 3:13-cv-05150-JTM   Document 1   Filed 11/21/13   Page 7 of 7